Todd O. Maiden (SBN 123524)
Email: tmaiden@reedsmith.com
Rose L. Standifer (SBN 232579)
Email: rstandifer@reedsmith.com
Joonsik Maing (SBN 240927)
Email: jmaing@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 941052

Telephone: +1 415 563 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
Bank of America, National Association

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD G. WHITEHURST AND LORRAINE D. WHITEHURST, as individuals and as trustees of the Whitehurst Family Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation; CHARLOTTE A. HEINL, as an individual and dba Norge Cleaners; and DOES 1 through 100,<br><br>Defendants. | No.: C09-04808 MEJ<br><br>**DEFENDANT BANK OF AMERICA, NATIONAL ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSE TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Bank of America, National Association ("Defendant") answers the Complaint as follows:

## NATURE OF THE ACTION

1. Paragraph 1 is an introductory paragraph to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies those allegations.

2. Paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, denies those allegations.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis, denies those allegations.

6. Defendant denies that it is liable for oversight and remediation costs incurred by the Regional Water Quality Control Board for the San Francisco Bay Region (the "RWQCB"). As to the remaining allegations in Paragraph 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis, denies those allegations.

## PARTIES

***Plaintiffs***

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis, denies those allegations.

***Defendants***

9. Defendant denies the allegations in Paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis, denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis, denies those allegations.

## JURISDICTION, VENUE AND NOTICE

12. The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent the allegations in Paragraph 12 require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

13. The allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent the allegations in Paragraph 13 require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

14. The allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent the allegations in Paragraph 14 require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis, denies those allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis, denies those allegations.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis, denies those allegations.

## GENERAL ALLEGATIONS

### *The Site*

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis, denies those allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis, denies those allegations.

### *Ownership and Operational History of the Property*

20. Defendant denies that it owned the property located at 2114 MacArthur Boulevard, Oakland, California from about 1965 to 1987 (the "Property"). Defendant admits the Property was,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

at one time, part of a larger parcel of real property owned by the Bank, and parts of the remainder of the larger parcel are still owned by Defendant. As to the remaining allegations in Paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis, denies those allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis, denies those allegations.

23. Defendant admits the Property was sold to Plaintiffs in or about October 1987. As to the remaining allegations in Paragraph 23, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

***The Contamination***

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis, denies those allegations.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis, denies those allegations.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis, denies those allegations.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis, denies those allegations.

29. To the extent the allegations in Paragraph 29 are statements of law, no response is required. To the extent the allegations in Paragraph 29 require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

30. To the extent the allegations in Paragraph 30 are statements of law, no response is required. To the extent the allegations in Paragraph 30 require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

31. To the extent the allegations in Paragraph 31 are statements of law, no response is required. To the extent the allegations in Paragraph 31 require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis, denies those allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis, denies those allegations.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

35. To the extent the allegations in Paragraph 35 are statements of law, no response is required. To the extent the allegations in Paragraph 35 require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis, denies those allegations.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis, denies those allegations.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis, denies those allegations.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on that basis, denies those allegations.

## FIRST CAUSE OF ACTION

**(Abatement of an Imminent and Substantial Endangerment – RCRA § 7002(a)(1)(B))**

**(Against All Defendants)**

41. Defendant realleges its responses to Paragraphs 1 through 40 and incorporates them herein by this reference.

42. The allegations in Paragraph 42 are statements of law to which no response is required. To the extent a response is required, Defendant is without knowledge or information

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis, denies those allegations.

43. The allegations in Paragraph 43 are statements of law to which no response is required.

44. The allegations in Paragraph 44 are statements of law to which no response is required.

45. The allegations in Paragraph 45 are statements of law to which no response is required.

46. The allegations in Paragraph 46 are statements of law to which no response is required.

47. The allegations in Paragraph 47 are statements of law to which no response is required.

48. The allegations in Paragraph 48 are statements of law to which no response is required.

49. To the extent the allegations in Paragraph 49 are statements of law, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis, denies those allegations.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis, denies those allegations.

52. To the extent the allegations in Paragraph 52 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 52, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis, denies those allegations.

54. Defendant denies that it is liable under RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972 (a)(1)(B). As to the remaining allegations in Paragraph 54, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

55. To the extent the allegations in Paragraph 55 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 55, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

**SECOND CAUSE OF ACTION**

**(Cost Recovery – CERCLA § 107(a))**

**(Against All Defendants)**

56. Defendant realleges its responses to Paragraphs 1 through 55 and incorporates them herein by this reference.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis, denies those allegations.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and on that basis, denies those allegations.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis, denies those allegations.

60. Defendant denies it owned the Property at the time hazardous wastes were allegedly disposed of at the Property and at the time that an alleged condition of hazardous substance contamination at the Site was created.. As to the remaining allegations in Paragraph 60, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis, denies those allegations.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis, denies those allegations.

62. To the extent the allegations in Paragraph 62 are a statement of law, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis, denies those allegations.

63. To the extent the allegations in Paragraph 63 are a statement of law, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis, denies those allegations.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis, denies those allegations.

66. To the extent the allegations in Paragraph 66 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 66, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

67. To the extent the allegations in Paragraph 67 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 67, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

## THIRD CAUSE OF ACTION

**(Abatement of a Public Nuisance)**

**(Against All Defendants)**

68. Defendant realleges its responses to Paragraphs 1 through 67 and incorporates them herein by this reference.

69. The allegations in Paragraph 69 are statements of law to which no response is required.

70. The allegations in Paragraph 70 are statements of law to which no response is required.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

71. To the extent the allegations in Paragraph 71 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 71, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

72. To the extent the allegations in Paragraph 72 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 72, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis, denies those allegations.

74. To the extent the allegations in Paragraph 74 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 74, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis, denies those allegations.

76. Defendant admits that Plaintiff has demanded that Defendant abate the alleged nuisance. As to the remaining allegations in Paragraph 76, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

77. To the extent the allegations in Paragraph 77 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 77, Defendant is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

78. To the extent the allegations in Paragraph 78 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 78, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

## FOURTH CAUSE OF ACTION

**(Abatement of a Public Nuisance *Per Se*)**

**(Against All Defendants)**

79. Defendant realleges its responses to Paragraphs 1 through 78 and incorporates them herein by this reference.

80. To the extent the allegations in Paragraph 80 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 80, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

81. To the extent the allegations in Paragraph 81 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 81, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FIFTH CAUSE OF ACTION

**(Abatement of a Private Nuisance)**

**(Against All Defendants)**

83. Defendant realleges its responses to Paragraphs 1 through 82 and incorporates them herein by this reference.

84. To the extent the allegations in Paragraph 84 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 84, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

85. To the extent the allegations in Paragraph 85 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 85, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

86. Defendant admits that Plaintiffs demanded that Defendant abate the alleged nuisance complained of. As to the remaining allegations in Paragraph 86, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

87. To the extent the allegations in Paragraph 87 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 87, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

88. To the extent the allegations in Paragraph 88 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 88, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

89. To the extent the allegations in Paragraph 89 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 89, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

## SIXTH CAUSE OF ACTION

**(Trespass)**

**(Against All Defendants)**

90. Defendant realleges its responses to Paragraphs 1 through 89 and incorporates them herein by this reference.

91. To the extent the allegations in Paragraph 91 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 91, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

92. To the extent the allegations in Paragraph 92 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 92, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis, denies those allegations.

94. To the extent the allegations in Paragraph 94 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 94, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

95. To the extent the allegations in Paragraph 95 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 95, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

## SEVENTH CAUSE OF ACTION

**(Negligence)**

**(Against All Defendants)**

96. Defendant realleges its responses to Paragraphs 1 through 95 and incorporates them herein by this reference.

97. To the extent the allegations in Paragraph 97 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 97, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

98. To the extent the allegations in Paragraph 98 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 98, Defendant is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

99. To the extent the allegations in Paragraph 99 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 99, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

100. To the extent the allegations in Paragraph 100 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 100, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

101. To the extent the allegations in Paragraph 101 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 101, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

102. To the extent the allegations in Paragraph 102 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 102, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

103. To the extent the allegations in Paragraph 103 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 103, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**<u>EIGHTH CAUSE OF ACTION</u>**

**(Negligence *Per Se*)**

**(Against All Defendants)**

104. Defendant realleges its responses to Paragraphs 1 through 103 and incorporates them herein by this reference.

105. To the extent the allegations in Paragraph 105 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 105, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

106. To the extent the allegations in Paragraph 106 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 106, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

107. To the extent the allegations in Paragraph 107 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 107, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

108. To the extent the allegations in Paragraph 108 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 108, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

**NINTH CAUSE OF ACTION**

**(Ultrahazardous Activity)**

**(Against All Defendants)**

109. Defendant realleges its responses to Paragraphs 1 through 108 and incorporates them herein by this reference.

110. To the extent the allegations in Paragraph 110 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 110, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

111. To the extent the allegations in Paragraph 111 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 111, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

112. To the extent the allegations in Paragraph 112 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 112, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

**TENTH CAUSE OF ACTION**

**(Fraudulent Nondisclosure / Concealment)**

**(Against Defendant Bank of America)**

113. Defendant realleges its responses to Paragraphs 1 through 112 and incorporates them herein by this reference.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegation in Paragraph 116.

117. Defendant denies the allegation in Paragraph 117.

118. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis, denies those allegations.

119. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis, denies those allegations.

120. Defendant denies the allegations in Paragraph 120.

**ELEVENTH CAUSE OF ACTION**

**(Contribution)**

**(Against All Defendants)**

121. Defendant realleges its responses to Paragraphs 1 through 120 and incorporates them herein by this reference.

122. To the extent the allegations in Paragraph 122 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 122, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.]

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

123. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and on that basis, denies those allegations.

124. To the extent the allegations in Paragraph 124 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 124, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

## TWELFTH CAUSE OF ACTION

**(Contribution – California's Hazardous Substance Account Act)**

**(Against All Defendants)**

125. Defendant realleges its responses to Paragraphs 1 through 124 and incorporates them herein by this reference.

126. To the extent the allegations in Paragraph 126 are statements of law, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis, denies those allegations.

127. The allegations in Paragraph 127 are statements of law to which no response is required.

128. The allegations in Paragraph 128 are statements of law to which no response is required.

129. The allegations in Paragraph 129 are statements of law to which no response is required.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

130. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis, denies those allegations.

131. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis, denies those allegations.

132. To the extent the allegations in Paragraph 132 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 132, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

133. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis, denies those allegations.

134. To the extent the allegations in Paragraph 134 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 134, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

**<u>THIRTEENTH CAUSE OF ACTION</u>**

**(Contribution – CERCLA § 113(f))**

**(Against All Defendants)**

135. Defendant realleges its responses to Paragraphs 1 through 134 and incorporates them herein by this reference.

136. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis, denies those allegations.

137. To the extent the allegations in Paragraph 137 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 137, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

## FOURTEENTH CAUSE OF ACTION

**(Equitable Indemnity)**

**(Against All Defendants)**

138. Defendant realleges its responses to Paragraphs 1 through 138 and incorporates them herein by this reference.

139. To the extent the allegations in Paragraph 139 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 139, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

140. To the extent the allegations in Paragraph 140 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 140, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

141. To the extent the allegations in Paragraph 141 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 141, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

142. To the extent the allegations in Paragraph 142 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 142, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

143. To the extent the allegations in Paragraph 143 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 143, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

## FIFTEENTH CAUSE OF ACTION

**(Waste)**

**(Against All Defendants)**

144. Defendant realleges its responses to Paragraphs 1 through 143 and incorporates them herein by this reference.

145. To the extent the allegations in Paragraph 145 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 145, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

146. To the extent the allegations in Paragraph 146 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 146, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

147. To the extent the allegations in Paragraph 147 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 147, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

**<u>SIXTEENTH CAUSE OF ACTION</u>**

**(Declaratory Relief)**

**(Against All Defendants)**

148. Defendant realleges its responses to Paragraphs 1 through 147 and incorporates them herein by this reference.

149. Defendant admits the allegations in Paragraph 149.

150. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and on that basis, denies those allegations.

151. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and on that basis, denies those allegations.

152. To the extent the allegations in Paragraph 152 allegedly pertain to Defendant, Defendant denies those allegations. As to the remaining allegations in Paragraph 152, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

153. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state any claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred by the applicable federal and state statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs have not exhausted the administrative remedies available to its claims and, therefore, Plaintiff is not entitled to relief in this Court.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs lack standing to bring the claims for relief asserted in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' demands for equitable relief fail because Plaintiffs have an adequate remedy at law, has suffered no irreparable harm, and the equitable relief Plaintiffs seek would

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

impose a hardship on Defendant greatly disproportionate to that imposed on Plaintiff from failing to grant such injunctive relief.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendant has not contributed to, and is not contributing to, "the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment," as specified in 42 U.S.C. § 6972(a)(1)(B).

**SEVENTH AFFIRMATIVE DEFENSE**

7. Without admitting liability, any harm resulting from any release that may be attributable to Defendant is divisible from any harm resulting from other releases.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiffs failed to state facts sufficient to adequately set forth a claim for attorney's fees and costs.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs' Resource Conservation and Recovery Act ("RCRA") claims are barred because Defendant has not engaged in ongoing violations of RCRA and there is no reasonable likelihood that Defendant will engage in future violations of RCRA.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiffs' claims are barred based on the doctrine of primary jurisdiction – Plaintiffs' claims lie within the primary jurisdiction of federal, state and/or local regulatory agencies.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Recovery of the fines and penalties sought by Plaintiffs is unconstitutional because such fines and penalties are excessive and violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, Section 1 of the Fourteenth Amendment to the United States Constitution, and other provisions of the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Defendant is informed and believes and thereupon alleges that Plaintiffs' claims are barred by 42 U.S.C. § 9607(b)(3) because (i) the release or threatened release of hazardous substances, if any, as alleged in the First Amended Complaint was caused solely by the acts or omissions of persons or parties other than Defendant, for whom Defendant was not responsible; (ii) Defendant exercised due care with respect to the hazardous substance concerned, if any, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances; and (iii) Defendant took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiffs' CERCLA claims are barred insofar as Plaintiff seeks to recover costs, damages or expenses that are not "necessary costs of response" as required by CERCLA § 107(a), 42 U.S.C. § 9607(a) or that were not "incurred" by Plaintiff. If Defendant is liable under CERCLA,

which Defendant denies, Defendant is not liable for any costs that were not "necessary" costs or that were not costs "incurred" by Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiffs' CERCLA claims are barred insofar as they seek to recover costs, damages and expenses that are not incurred "consistent with the National Contingency Plan," as required by CERCLA § 107(a), 42 U.S.C. § 9607(a). If Defendant is liable under CERCLA, which Defendant denies, Defendant is not liable for any costs that are not consistent with the National Contingency Plan.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Under Section 113(f)(1) of CERCLA (42 U.S.C. § 9613(f)(1)), the Court is directed to consider such equitable factors as the Court deems appropriate in resolving actions for contribution under CERCLA. Defendant is informed and believes, and upon that basis alleges, that upon reviewing such equitable factors, the Court in this action will determine that Defendant bears no responsibility for any response costs under CERCLA.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable indemnity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The damages alleged were caused by the Plaintiffs' own disposal of hazardous substances, carelessness and/or negligence thereby causing and contributing to any injury, damage or loss to Plaintiffs. Therefore, Plaintiffs' alleged damages, if any, are barred, in whole or in part, pursuant to the doctrine of comparative negligence.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. In the event that Defendant is found liable for any part of the Plaintiffs' claim, the principles of contribution, whether statutory (*e.g.*, CERCLA § 113(f), Civ. Proc. Code § 875, *et seq*.) or common law, should be applied to determine the relative degree of fault among Defendant, any other liable parties, and Plaintiffs so that no party bears more than its share of liability.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Damages/costs alleged in the Plaintiffs' Complaint were caused and/or contributed to by parties other than Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiffs' claims are barred by the doctrine of unclean hands.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiffs have failed to join other parties whose presence is indispensable or necessary parties to the complete, fair and equitable resolution of this action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Any injuries to Plaintiffs were not a foreseeable result of Defendant's conduct and Defendant is not liable for those injuries.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. If Plaintiffs are found to be entitled to any recovery, such recovery must be reduced in an amount reflecting Plaintiffs' responsibility for any releases necessitating the incurrence of response costs. In addition, if it is determined that Defendant must take any action with respect to the conditions alleged to exist, Plaintiffs are likewise so liable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiffs' claims are barred by the doctrine of waiver as a result of acts, conduct and omissions attributable to Plaintiffs, their agents, licensees and permittees.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiffs' claims are barred by the doctrine of laches.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. If Defendant is liable for any part of the claims alleged by Plaintiffs, which Defendant denies, such claims are nevertheless barred by the doctrine of *in pari delicto*.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Defendant alleges that the acts or omissions of entities or persons other than it are, or were, the intervening or superseding causes of any alleged costs or other damages incurred, or to be incurred, by Plaintiffs.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Defendant alleges that Plaintiffs voluntarily assumed the risk of any injury or damage alleged in the Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. The alleged acts or omissions of Defendant were not the legal or actual cause of the alleged circumstances that would create any liability or damages alleged in the Complaint.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Plaintiffs are barred from recovering from Defendant by its failure to mitigate, minimize or avoid any of the alleged damages referred to in the Complaint. If Plaintiffs are entitled to recover any damages, which Defendant denies, such recovery must be reduced by the amount attributable to the failure of Plaintiffs to take action to mitigate damages.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Defendant alleges that other parties, third persons not parties to this action, Plaintiffs, and/or their agents and employees, were negligently or legally responsible or otherwise at fault for the damages alleged in the Complaint. Defendant therefore requests that in the event of a finding of any liability in favor of Plaintiffs or settlement or judgment against Defendant, an apportionment of fault be made among all parties and third parties as permitted by Li v. Yellow Cab Company, 13 Cal. 3d 804 (1975) and American Motorcycle Assn. v. Superior Court, 20 Cal. 3d 578 (1978) by the court or jury. Defendant further requests a judgment and declaration and partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Defendant alleges that should it be determined that it is in any manner liable for the injuries or damages allegedly sustained by Plaintiffs, any amounts owed by Defendant, individually or collectively, be set off pursuant to the provisions of Code of Civil Procedure Section 431.70 or other statute or law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Defendant alleges that Plaintiffs have failed to do equity in the matters alleged in the Complaint, and any recovery by Plaintiffs must be diminished or barred by reason thereof.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Defendant alleges that Plaintiffs' claims are barred because Plaintiffs have not incurred any response costs.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36. Plaintiffs' claims are barred to the extent the alleged release and presence of the hazardous substances at the Property did not occur during Defendant's ownership of the Property.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they were to prevail on any of those claims.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38. Defendant alleges that Plaintiffs' claims are barred to extent Plaintiffs failed to provide adequate notice of the Complaint as required by 42 U.S.C. § 9613(l), California Health & Safety Code § 25363(e).

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

39. Defendant alleges that Plaintiffs have failed to allege or demonstrate that a jurisdictional basis exists to exercise pendent jurisdiction over Plaintiffs' state law claims as required under *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). Even if a minimal jurisdictional basis were pled, this Court should decline to exercise pendent jurisdiction because (a) the claims based on federal question jurisdiction, if proper at all which Defendant denies, will provide Plaintiffs all of the relief it seeks; (b) the federal question claims do not involve jury trial rights, which may or may not be involved with the state law claims; (c) Plaintiffs have an alternative state law forum which is equally fast, fair and effective in adjudicating its state law claims.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FORTIETH AFFIRMATIVE DEFENSE**

40. Should Plaintiffs recover non-economic damages against any Defendant, the liability for non-economic damages should be limited to the degree of fault and several liability of that Defendant, or Defendants, pursuant to California Civil Code Section 1431 *et. seq.*

**FORTY-FIRST AFFIRMATIVE DEFENSE**

41. Plaintiffs claims are barred by provisions in the Property purchase agreement between Plaintiffs and Bank of America, NT&SA.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

42. Defendant reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery or trial.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint or any claims stated therein;

2. That the Complaint and each cause of action contained therein be dismissed against Defendant with prejudice;

3. That Defendant recover its attorneys' fees and costs; and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4. That the Court grant such other and further relief as it may deem just and proper.

DATED: January 4, 2010.

REED SMITH LLP

By /s/ Rose L. Standifer
Todd O. Maiden
Rose L. Standifer
Joonsik Maing
Attorneys for Defendant
Bank of America, National Association

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**JURY DEMAND**

Defendant Bank of America, National Association hereby demands trial by jury.

DATED: January 4, 2010.

REED SMITH LLP

By /s/ Rose L. Standifer
Todd O. Maiden
Rose L. Standifer
Joonsik Maing
Attorneys for Defendant
Bank of America, National Association

REED SMITH LLP
A limited liability partnership formed in the State of Delaware