Todd O. Maiden (SBN 123524)
Email: tmaiden@reedsmith.com
Rose L. Standifer (SBN 232579)
Email: rstandifer@reedsmith.com
Joonsik Maing (SBN 240927)
Email: jmaing@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Bank of America, National Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD G. WHITEHURST and LORRAINE D. WHITEHURST, as individuals and as trustees of the Whitehurst Family Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation; CHARLOTTE A. HEINL, as an individual dba Norge Cleaners; and DOES 1 through 100,<br><br>Defendants. | No.: C 09-04808 MEJ<br><br>**DEFENDANT BANK OF AMERICA, NATIONAL ASSOCIATION'S COUNTERCLAIM AGAINST PLAINTIFFS** |
| BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>RICHARD G. WHITEHURST and LORRAINE D. WHITEHURST, as individuals and as trustees of the Whitehurst Family Trust; and ROES 1 through 100,<br><br>Counterdefendants. | |

Defendant Bank of America, National Association ("Defendant" or "Counterclaimant"), a national banking association, asserts the following counterclaims against Plaintiffs Richard G. Whitehurst and Lorraine D. Whitehurst ("Plaintiffs" or "Counterdefendants"), as individuals and as trustees of the Whitehurst Family Trust, and Roes 1 through 100:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") §§ 107(a) and 113(f), 42 U.S.C. §§ 9607(a), 9613(f), 28 U.S.C. §§ 1331, 1367 and the Declaratory Judgment Act, 28 U.S.C. § 2201. Counterclaimant's claim for relief against Counterdefendants relate to the same subject matter alleged in the First Amended Complaint in this action. As such, this Court has supplemental jurisdiction over this Counterclaim under Federal Rule of Civil Procedure 13 and 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over the Counterdefendants because, among other things, Counterdefendants filed the First Amended Complaint in this action and have generally appeared in this action.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that the property which is the subject of the First Amended Complaint and this Counterclaim is situated in this District. Venue is also proper in this Court pursuant to CERCLA § 113(b), 42 U.S.C. § 9613(b), because Plaintiffs allege that wrongful acts and occurrences took place in this District.

## PARTIES

4.  Counterclaimant Bank of America, National Association is a national banking association existing under the law of the United States of America with its principal place of business in Charlotte, North Carolina. In 1999, Bank of America, National Association merged into Bank of America, NT&SA with the resulting bank title of Bank of America, National Association.

5.  Counterclaimant is informed and believes, and on that basis alleges, that Counterdefendants Richard G. Whitehurst and Lorraine D. Whitehurst are individuals residing in Contra Costa County, California, and are the trustees of the Whitehurst Family Trust.

6.  Counterclaimant does not know the true names and capacities of counterdefendants sued as Roes 1 through 100, inclusive, and therefore sues those counterdefendants by such fictitious names. Counterclaimant alleges that each of the counterdefendants sued herein as a Roe is liable in some manner on the claims alleged herein. Counterclaimant will amend this Counterclaim to allege their true names and capacities when ascertained. Each reference in this Counterclaim to "counterdefendant," "counterdefendants," or a specifically named counterdefendant refers also to all counterdefendants sued under fictitious names.

## FACTUAL ALLEGATIONS

7.  Counterclaimant brings this action to abate, and to recover the costs and damages it has incurred and will incur to address, the alleged contamination at or around the real property located at 2114 MacArthur Boulevard, Oakland, California 94602-2229 (the "Property").

8.  Bank of America, NT&SA owned the Property from about 1969 to about 1987, when it sold the Property to Plaintiffs, the current owners of the Property.

9. Bank of America, NT&SA never operated a dry cleaning business on the Property.

10. Bank of America, NT&SA never generated, stored, used, treated, disposed of or released any hazardous substances or hazardous wastes on or under the Property.

11. Plaintiffs were aware that the Property had been used as a dry cleaning facility prior to purchasing the Property.

12. Plaintiffs were given an opportunity to investigate the Property prior to purchasing it, including but not limited to conducting environmental due diligence on and under the Property.

13. After the Parties initially agreed upon a closing date, Plaintiffs were given an additional one hundred twenty days to close escrow on the Property. This extension provided them with additional time to investigate the Property if they so chose.

14. After being granted an opportunity to investigate the Property, Plaintiffs ultimately agreed to purchase the Property in its "as is" condition.

15. Plaintiffs purchased the Property after being informed in writing that the seller was making no representations or warranties about the condition of the Property, including but not limited to its environmental condition.

16. In their First Amended Complaint, Plaintiff allege they first discovered the Property had been or was threatened to be impacted by perchloroethylene ("PCE"), trichloroethylene ("TCE"), dicholoroethylene ("DCE") and vinyl chloride ("VC") (collectively, the "Chemicals of Concern") in 2007. Counterclaimant did not know and could not reasonably know before 2007 that the Chemicals of Concern had allegedly impacted or threatened to impact the Property.

17. Counterclaimant is informed and believes, and on that basis alleges, that Counterdefendants caused or contributed to the presence or migration of the Chemicals of Concern at the Property because they owned and controlled the Property when, and from which, those substances were released or otherwise discarded, but failed to prevent or abate contamination of the Property.

18. On November 17, 2009, the California Regional Water Quality Control Board, San Francisco Bay Region ("RWQCB"), pursuant to California Water Code § 13267, sent Counterclaimant a request for site history information related to the Property. The RWQCB may attempt to require Counterclaimant, as a past owner of the Property, to investigate and potentially remediate the alleged contamination at the Property.

19. Counterclaimant denies it is liable, and alleges, based on information and belief, that Counterdefendants are liable, for any contamination at the Property, the RWQCB's oversight costs, and any costs of investigating and remediating the alleged contamination at the Property.

## FIRST COUNTERCLAIM

### (CERCLA § 113 Contribution – Against All Counterdefendants)

20. Counterclaimant realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 19, inclusive, as set forth in full herein.

21. Counterclaimant is informed and believes, and on that basis alleges, that the Property is a "facility" as that term is defined at CERCLA § 101(9), 42 U.S.C. § 9601(9).

22. Counterclaimant is informed and believes and on that basis alleges that each Counterdefendant is a "person" as that term is defined at CERCLA § 101(21), 42 U.S.C. § 9601(21).

23.     Counterclaimant is informed and believes, and on that basis alleges, that the Chemicals of Concern allegedly present at the Property are "hazardous substances," within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14), and that a "release(s)" or "threatened release(s)" of hazardous substances within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22), allegedly occurred and is allegedly continuing to occur at the Property.

24.     Counterclaimant is informed and believes and on that basis alleges that each Counterdefendant is liable under CERCLA § 107(a)(2), (3) and (4), 42 U.S.C. § 9607(a)(2), (3), (4), as the operator of the Property "at the time of disposal," as the owner of the Property "at the time of disposal," as a person who "arranged for disposal" of CERCLA hazardous substances at the Property, or as a person who transported or arranged for the transportation of hazardous substances at the Property.  Therefore, each Counterdefendant is a "covered person" liable for any and all costs, damages, and other relief under 42 U.S.C. § 9607(a).

25.     Counterclaimant denies all liability alleged in the First Amended Complaint.  In the event Counterclaimant is held liable for any costs or damages under the First Amended Complaint, Counterclaimant is entitled to contribution under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), from each Counterdefendant for an equitable share of the amount that Counterclaimant is liable to Plaintiffs under the First Amended Complaint, as well as for any of Counterclaimant's response costs incurred as a result of the Counterdefendants' release of hazardous substances at the Property.

26.     Concurrently with the filing of this Counterclaim, Counterclaimant will provide a copy of the Counterclaim to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to CERCLA § 113(1), 42 U.S.C. § 9613(1).

## SECOND COUNTERCLAIM

### (CERCLA § 107 Cost Recovery – Against All Counterdefendants)

27. Counterclaimant realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 26, inclusive, as set forth in full herein.

28. Counterclaimant is informed and believes and on that basis alleges that Counterdefendants' activities and omissions at the Property have caused and continue to cause contamination of the Property and surrounding properties.

29. Counterdefendants' releases and/or threatened releases of hazardous substances have caused Counterclaimant to incur response costs for which each Counterdefendant is liable pursuant to CERCLA § 107, 42 U.S.C. § 9607.

30. The response costs incurred and to be incurred by Counterclaimant have been and are consistent with the National Contingency Plan.

31. Each Counterdefendant is liable to Counterclaimant for cost recovery pursuant to CERCLA § 107, 42 U.S.C. Section 9607. Counterclaimant is also entitled to a declaratory judgment establishing the liability of each Counterdefendant for all past and future response costs.

## THIRD COUNTERCLAIM

### (Contribution and Equitable Indemnity – Against All Counterdefendants)

32. Counterclaimant realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 31, inclusive, as set forth in full herein.

33. If Plaintiffs establish that they have incurred costs in response to a release or threatened release of hazardous substances at the Property, which Counterclaimant denies, all such costs are the direct and proximate result of acts or omissions, whether negligent or otherwise, of each of the Counterdefendants and their failure and refusal to honor their legal and equitable obligations to investigate, design and remediate the contamination.

34. If Counterclaimant is found liable under law or equity, such a liability would be purely secondary, imputed and vicarious. The liability of each of the Counterdefendants for the matters alleged in the First Amended Complaint is primary and attributable to each of the Counterdefendants' ownership and/or operation of the certain facilities within the Property, or the transportation and/or disposal of hazardous substances or arrangement for such at certain facilities within the Property.

35. An actual controversy has arisen and now exists between Counterclaimant and each of the Counterdefendants, in that Counterclaimant contends and the Counterdefendants deny, that if this Court should determine that Counterclaimant is liable upon any claims in this case, then Counteclaimant is entitled to equitable indemnity or, alternatively, contribution from each of the Counterdefendants for any and all such liability, including legal fees and costs, as permitted by law.

## **FOURTH COUNTERCLAIM**

**(California Health & Safety Code § 25363(e) Contribution – Against All Counterdefendants)**

36. Counterclaimant realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 35, inclusive, as set forth in full herein.

37. Counterclaimant is informed and believes, and on that basis alleges, that each Counterdefendant is a "person" as defined by CERCLA § 101(21), 42 U.S.C. § 9601(21).

38. Counterclaimant is informed and believes, and on that basis alleges, that the Property qualifies as a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

39. Counterclaimant is informed and believes and on that basis alleges that the Chemicals of Concern at the Property are "hazardous substances," within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14), and that a "release(s)" or "threatened release(s)" of hazardous substances within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22), allegedly occurred and are allegedly continuing to occur at the Property.

40. Each of the Counterdefendants, is liable under CERCLA § 107(a)(2), (3) and (4), 42 U.S.C. § 9607(a) (2), (3) and (4), as the operator of the Property "at the time of disposal," as the owner of the Property "at the time of disposal," as a person who "arranged for disposal" of CERCLA hazardous substances at the Property, or as a person who transported or arranged for the transportation of hazardous substances to the Property. Each Counterdefendant is therefore a "covered person," liable for any and all costs, damages, and other relief under CERCLA § 107(a), 42 U.S.C. § 9607(a).

41. Counterclaimant has incurred response costs and will continue to incur response costs related to the Property. These response costs are consistent with the National Contingency Plan.

42. Counterclaimant is entitled to contribution and/or indemnity from each of the Counterdefendants for all or a portion of the response costs incurred or to be incurred by Counterclaimant.

# FIFTH COUNTERCLAIM

## (Declaratory Relief – Against All Defendants)

43. Counterclaimant realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 42, inclusive, as set forth in full herein.

44. An actual dispute and controversy has arisen and now exists between Counterclaimant and Counterdefendants concerning their respective rights and duties in that Counterclaimant contends, and Counterdefendants deny, that Counterdefendants are responsible and liable for the alleged contamination at the Property and are obligated to contribute to the costs of the investigation and cleanup of that alleged contamination.

45. Because the extent and magnitude of the contamination at the Property are not fully known at this time, and the investigatory and remedial work is still ongoing, Counterclaimant will incur necessary response costs, including but not limited to investigatory, remedial and removal expenses, attorneys' fees and interest.

46. Counterclaimant desires a judicial determination of their rights and duties and a declaration that Counterdefendants are liable to Counterclaimant for all response costs incurred and to be incurred by Counterclaimant related to hazardous substances allegedly at the Property.

47. Pursuant to California Health and Safety Code § 25363, Counterclaimant is entitled to a declaratory judgment establishing the liability of Counterdefendants for such response costs for the purpose of this and any subsequent action or actions to recover further response costs.

48. A judicial declaration is necessary and appropriate under the present circumstances in order that Counterclaimant may ascertain its rights and duties.

# **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant prays for a judgment against the Counterdefendants, and each of them, as follows:

1. For a preliminary and permanent injunction requiring Counterdefendants to undertake at their sole costs and consistent with the National Contingency Plan, 40 C.F.R. § 300 *et seq.*, all actions necessary to investigate and abate the endangerments to health or the environment that may be presented by Counterdefendants' use and disposal of "solid wastes" and "hazardous wastes" as alleged in this Counterclaim;

2. For an order requiring Counterdefendants to undertake at their sole cost all actions necessary to investigate and remediate the contamination at the Property;

3. For a judicial determination that Counterdefendants are jointly and severally liable for the abatement of imminent and substantial endangerment to human health or the environment that may be presented by Counterdefendants' use and disposal of "solid wastes" and "hazardous wastes" as alleged in this Counterclaim;

4. For a declaration that Counterdefendants are obligated to pay to Counterclaimant all future response costs and any other costs incurred by Counterclaimant in response, removal, or remedial efforts incurred pursuant to law or the order of any governmental agency with jurisdiction over the Property;

5. Cost recovery of all costs incurred by Counterclaimant in response, removal, or remedial efforts incurred pursuant to law or the order of any governmental agency with jurisdiction over the Property, the exact amount of which will be ascertained according to proof;

6. For a judicial determination of the equitable indemnity or, alternatively, contribution from each of the Counterdefendants for any and all of Counterclaimant's liability under the First Amended Complaint, if any, including legal fees and costs, as permitted by law;

7. For a declaration of the amount that Counterdefendants, and each of them, are obligated to indemnify Counterclaimant if Counterclaimant is compelled to pay any sum as the result of any damages, judgment or other awards by Plaintiffs against Counterclaimant;

8. For attorneys' fees, costs of suit (including, without limitation, expert and consultant fees), expenses and disbursement;

9. For prejudgment interest; and

10. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Counterclaimant demands trial by jury of any and all issues so triable.

DATED: January 4, 2010.

REED SMITH LLP

By /s/ Rose L. Standifer
Todd O. Maiden
Email: tmaiden@reedsmith.com
Rose L. Standifer
Email: rstandifer@reedsmith.com
Joonsik Maing
Email: jmaing@reedsmith.com
Attorneys for Defendant
Bank of America, National Association