Bruce Cornelius, of counsel - Bar #065525
Michael Mandell - Bar #209486
**BELZER, HULCHIY & MURRAY**
3650 Mt. Diablo Boulevard, Suite 130
Lafayette, California 94549
Telephone: 925-283-9977
Facsimile: 925-283-5192

Attorneys for Defendant
CHARLOTTE A. HEINL as an individual
and dba Norge Cleaners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD G. WHITEHURST AND LORRAINE D. WHITEHURST, as individuals and as trustees of the Whitehurst Family Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation; CHARLOTTE A. HEINL, as an individual and dba Norge Cleaners; and DOES 1 through 100,<br><br>Defendants. | Case No. 09-04808 MEJ<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant CHARLOTTE A. HEINL, (hereinafter "HEINL"), answering for herself alone, hereby answers the First Amended Complaint of Plaintiffs RICHARD G. WHITEHURST and LORRAINE D. WHITEHURST, individually and as trustees of the Whitehurst Family Trust, as follows:

**FIRST ANSWER**

**(General Denial)**

¶1. HEINL denies, generally and specifically, each and every allegation of

1

**ANSWER TO FIRST AMENDED COMPLAINT**

each and every Cause of Action of Plaintiffs' First Amended Complaint.

WHEREFORE, HEINL prays judgment as hereafter set forth.

## SECOND ANSWER

### (Specific Admission)

¶2. HEINL admits the allegations contained in Paragraphs 10, 21, 24, and 57 of Plaintiffs' First Amended Complaint.

¶3. HEINL partially admits the portions of Paragraph 22 that allege that Charlotte Heinl's lease with Bank of America terminated and that she vacated the premises, but she ceased operating the dry cleaning business in or about October 1987 rather than 1986 as alleged in said Paragraph 22; except as expressly so admitted, HEINL denies each and every other allegation of Paragraph 22 of the First Amended Complaint.

¶4. HEINL denies, generally and specifically, each and every allegation contained in Paragraphs 38, 52, 58, 59, 66, 67, 71, 72, 74, 77, 78, 81, 84, 85, 87, 89, 91, 92, 93, 97, 98, 99, 100, 101, 108, 110, 111, 132, 134, 137, 139, 140, 141, 142, 143, 145, and 152 of the Plaintiffs' First Amended Complaint, and specifically denies that HEINL is indebted to, or otherwise obligated to, Plaintiffs in any amount or at all.

¶5. HEINL lacks sufficient information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1 through 9, inclusive; 11 through 20, inclusive; 23, 25 through 37, inclusive; 39 through 51, inclusive; 53 through 56, inclusive; 60 through 65, inclusive; 68 through 70, inclusive; 73, 75, 76, 79, 80, 82, 83, 86, 88, 90, 94, 95, 96, 102 through 107, inclusive; 109, 112 through 131, inclusive; 133, 135, 136, 138, 144, 146 through 151, inclusive; 153, of Plaintiffs' First Amended Complaint, and basing her denial upon said grounds, denies each and every allegation contained in said paragraphs.

WHEREFORE, HEINL prays judgment as hereinafter set forth.

///

///

///

///

## THIRD ANSWER

### (Affirmative Defenses)

### First Affirmative Defense

¶6. As and for a first, separate and affirmative defense to the causes of action set forth in the First Amended Complaint, and each of them, HEINL alleges that said causes of action fail to state facts sufficient to constitute a cause of action against HEINL.

### Second Affirmative Defense

¶7. As and for a second, separate and affirmative defense to the causes of action set forth in the First Amended Complaint, and each of them, HEINL alleges that if Plaintiffs has suffered any losses or damages, which HEINL denies, said losses or damages were, in whole and/or in part, caused by the acts and/or omissions of Plaintiffs themselves, whether negligent or intentional, and Plaintiffs is thus barred, estopped and precluded, in whole or in part, from recovering any such losses or damages against HEINL.

### Third Affirmative Defense

¶8. As and for a third, separate and affirmative defense to the causes of action set forth in the First Amended Complaint, and each of them, HEINL alleges that if Plaintiffs suffered any losses or damages, which HEINL denies, said losses or damages were the result, in whole and/or in part, of the failure of Plaintiffs to mitigate said losses or damages, and Plaintiffs is thus barred, and precluded, in whole or in part, from recovering any such losses or damages against HEINL.

### Fourth Affirmative Defense

¶9. As and for a fourth, separate and affirmative defense to the causes of action set forth in the First Amended Complaint, and each of them, HEINL alleges that the damages, if any, suffered by Plaintiffs were the results of the acts, conduct, and/or omissions of parties other than HEINL, and Plaintiffs are thus barred, estopped and precluded from recovery of any such damages against HEINL.

### Fifth Affirmative Defense

¶10. As and for a fifth, separate and affirmative defense to the causes of

action set forth in the First Amended Complaint, and each of them, HEINL alleges that its conduct was not the cause in fact or the proximate cause of any losses or damages allegedly suffered by Plaintiffs, which such losses or damages HEINL denies, and Plaintiffs is thus barred, estopped and precluded from recovering any such losses or damages against HEINL.

### Sixth Affirmative Defense

¶11.   As and for a sixth, separate and affirmative defense to the causes of action set forth in the First Amended Complaint, and each of them, HEINL alleges that Plaintiffs' claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

¶12.   As and for a seventh, separate and affirmative defense to the causes of action set forth in the First Amended Complaint, and each of them, HEINL alleges that Plaintiffs' claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

¶13.   As and for a eighth, separate and affirmative defense to the causes of action set forth in the First Amended Complaint, and each of them, HEINL alleges that the First Amended Complaint fails to state any claim upon which relief can be granted.

### Ninth Affirmative Defense

¶14.   As and for a ninth, separate and affirmative defense to the causes of action set forth in the First Amended Complaint, and each of them, HEINL alleges that the claims of Plaintiffs set forth in the First Amended Complaint are barred by Plaintiff's waiver of such claims.

### Tenth Affirmative Defense

¶15.   If it should be found that HEINL is in any manner legally responsible for injuries or damages sustained by Plaintiffs, if any, which supposition is not admitted but merely stated for the purpose of this affirmative defense, it should be found that any injuries and/or damages determined to have been incurred or suffered by Plaintiffs in this action were proximately caused or contributed to by other Defendants in this case, whether served or not served, and/or proximately caused or contributed to by other persons or entities not parties to

**ANSWER TO FIRST AMENDED COMPLAINT**

this action. Accordingly, these answering Defendants are entitled to a finding that the negligence and/or fault and/or unreasonable conduct of each of the aforesaid persons and/or entities, whether parties to this action or not, shall be determined, apportioned and prorated, and that any judgment which is rendered against HEINL shall be reduced not only by the degree of comparative negligence of the Plaintiffs, but also shall be reduced by the percentage of negligence and/or fault and/or unreasonable conduct attributed to the aforesaid other defendants, and/or third persons or entities, whether parties to this action or not.

**Eleventh Affirmative Defense**

¶16. Plaintiffs failed to mitigate their alleged damages, if any.

**Twelfth Affirmative Defense**

¶17. Any duty to Plaintiffs has been excused by the failure of condition, waiver, breach of condition precedent, impossibility of performance, prevention, frustration of purpose and/or acceptance by Plaintiffs, their representatives, agents, and/or employees.

WHEREFORE, HEINL prays judgment as follows:

1. That Plaintiffs take nothing as against Defendant HEINL pursuant to the First Amended Complaint, for costs of litigation, including attorneys fees and expert witnesses, and for all costs of suit herein;

2. For such other and further relief as the Court may deem just and proper.

Dated: January 14, 2010

BELZER, HULCHIY & MURRAY

By: /s/ Michael D. Mandell
Michael D. Mandell
Attorneys for Defendant
CHARLOTTE A. HEINL, ind. and
Dba Norge Cleaners