1  John R. Till  State Bar No. 178763
   Bret A. Stone  State Bar No. 190161
2  Brian R. Paget  State Bar No. 168694
   Paladin Law Group® LLP
3  1176 Boulevard Way, Suite 200
   Walnut Creek, California 94595
4  Telephone: (925) 947-5700
   Facsimile: (925) 935-8488
5
   Counsel for Plaintiffs
6  RICHARD G. WHITEHURST AND
   LORRAINE D. WHITEHURST

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD G. WHITEHURST AND LORRAINE D. WHITEHURST, as individuals and as trustees of the Whitehurst Family Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation; CHARLOTTE A. HEINL, as an individual and dba Norge Cleaners; and DOES 1 through 100,<br><br>Defendants. | Case No. C 09-04808 MEJ<br><br>**RICHARD AND LORRAINE WHITEHURST'S REPLY TO BANK OF AMERICA, N.A.'S COUNTERCLAIM**<br><br>Jury Trial Demanded |
| BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>RICHARD G. WHITEHURST and LORRAINE D. WHITEHURST, as individuals and as trustees of the Whitehurst Family Trust; and ROES 1 through 100,<br><br>Counterdefendants. | |



Plaintiffs and Counterdefendants RICHARD WHITEHURST and LORRAINE WHITEHURST (collectively, the "Whitehursts") reply to the Counterclaim of Defendant and Counterclaimant BANK OF AMERICA, NATIONAL ASSOCIATION ("Bank of America, NA") as follows:

Except as expressly admitted herein, the Whitehursts deny each and every allegation in Defendant Bank of America, NA's Counterclaim Against Plaintiffs.

## JURISDICTION

1. The allegations in paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts' admit that this Court has jurisdiction over the subject matter of this action, but they do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, deny such allegations.

2. The allegations in paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts' admit that the Court has personal jurisdiction over them.

## VENUE

3. The allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts admit that venue is proper in this Court.

## PARTIES

4. As to the allegations of paragraph 4, the Whitehursts admit that Bank of America, NA is a national banking corporation existing under the laws of the United States of America and that it is the successor in interest to Bank of America, NT&SA, but the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, deny such allegations.

5. The Whitehursts admit the allegations of paragraph 5.

6. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 and, on that basis, deny those allegations.

## FACTUAL ALLEGATIONS

7. Paragraph 7 is an introductory paragraph to which no response is required. To the extent a response is required, the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, deny such allegations.



8. The Whitehursts have alleged on information and belief and, on that basis, admit that Bank of America, NT&SA owned 2114 MacArthur Blvd., Oakland, CA 94602 (the "Property") from *at least* 1969 until *at least* 1987. The Whitehursts also admit that Bank of America, NT&SA sold the Property to the Whitehursts and that the Whitehursts are the current owners of the Property. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 and, on that basis, deny such allegations.

9. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, deny such allegations.

10. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, deny such allegations.

11. The Whitehursts admit the allegations of paragraph 11.

12. The Whitehursts admit they had an opportunity to investigate the Property before purchasing it. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 and, on that basis, deny such allegations.

13. The Whitehursts admit that, after agreeing on a closing date, they and Bank of America, NT&SA negotiated an additional 120 days to close escrow on the Property, and that this extension provided the Whitehursts with additional time to investigate the Property if they so chose. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13 and, on that basis, deny such allegations.

14. The Whitehursts admit that after having an opportunity to investigate the Property, they ultimately agreed to purchase the Property in its "as is" condition. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14 and, on that basis, deny such allegations.

15. The Whitehursts deny the allegations of paragraph 15.

16. The Whitehursts deny the allegations of paragraph 16.

17. The Whitehursts deny the allegations of paragraph 17.

18. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, deny such allegations.



19. The Whitehursts deny the allegations of paragraph 19.

**FIRST COUNTERCLAIM**
**(CERCLA § Contribution)**
**(Against All Counterdefendants)**

20. The Whitehursts incorporate herein by this reference their responses to paragraphs 1 - 19.

21. The Whitehursts admit the allegations of paragraph 21.

22. The allegations in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, deny such allegations.

23. The Whitehursts admit the allegations of paragraph 23.

24. The allegations in paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts deny such allegations.

25. The allegations in paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts deny such allegations.

26. The Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and, on that basis, deny such allegations.

**SECOND COUNTERCLAIM**
**(CERCLA § 107(a) – Cost Recovery)**
**(Against All Counterdefendants)**

27. The Whitehursts incorporate herein by this reference their responses to paragraphs 1 - 26.

28. The Whitehursts deny the allegations of paragraph 28.

29. The allegations in paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts deny such allegations.

30. The allegations in paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts deny such allegations.

31. The allegations in paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts deny such allegations.

**THIRD COUNTERCLAIM**
**(Contribution and Equitable Indemnity)**
**(Against All Counterdefendants)**

32. The Whitehursts incorporate herein by this reference their responses to paragraphs 1 - 31.



1   33. The Whitehursts deny the allegations of paragraph 33.

2   34. The allegations in paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts deny such allegations.

4   35. The allegations in paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, deny such allegations.

**FOURTH COUNTERCLAIM**
**(California Health & Safety Code § 25363(e) Contribution)**
**(Against All Counterdefendants)**

36. The Whitehursts incorporate herein by this reference their responses to paragraphs 1 - 35.

37. The allegations in paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, deny such allegations.

38. The Whitehursts admit the allegations of paragraph 38.

39. The Whitehursts admit the allegations of paragraph 39.

40. The allegations in paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts deny such allegations.

41. The allegations in paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, deny such allegations.

42. The Whitehursts deny the allegations of paragraph 42.

**FIFTH COUNTERCLAIM**
**(Declaratory Relief)**
**(Against All Counterdefendants)**

43. The Whitehursts incorporate herein by this reference their responses to paragraphs 1 - 42.

44. The allegations in paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, deny such allegations.

45. The Whitehursts admit that the extent and magnitude of the contamination at the Property are not fully known at this time and that the investigatory and remedial work is still ongoing. The



Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 45 and, on that basis, deny such allegations.

46. The allegations in paragraph 46 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, deny such allegations.

47. The allegations in paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts deny such allegations.

48. The allegations in paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, the Whitehursts do not have sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, deny such allegations.

## PRAYER FOR RELIEF

The remaining paragraphs of Defendant Bank of America, NA's Counterclaim Against Plaintiffs consist of a prayer for relief, to which no response is required. To the extent a response is required, the Whitehursts deny that Bank of America, NA, is entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

The Whitehursts allege the following affirmative defenses to Bank of America, NA's Counterclaim Against Plaintiffs. The Whitehursts reserve their right to amend and supplement these defenses as their investigation and discovery continue.

## FIRST AFFIRMATIVE DEFENSE

1. The Counterclaim fails to state any claim against the Whitehursts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The Whitehursts are not liable because the damages and injuries alleged in the Counterclaim were caused solely by the acts or omissions of one or more third parties and not the Whitehursts, who exercised due care with respect to all matters concerned.

## THIRD AFFIRMATIVE DEFENSE

3. Bank of America, NA lacks standing to assert any of the claims it has alleged in its Counterclaim.

**FOURTH AFFIRMATIVE DEFENSE**

4. The damages or losses alleged in the Counterclaim, if any, were proximately caused by unforeseeable, independent, intervening or superceding beyond the control of, and unrelated to any actions or omissions of, the Whitehursts. The Whitehursts' actions and omissions were superceded by the intervening and superceding acts and omissions of others.

**FIFTH AFFIRMATIVE DEFENSE**

5. All actions and omissions of the Whitehursts conformed with and were conducted pursuant to all applicable statutes, regulations and industry standards, according to the state of knowledge existing at the time.

**SIXTH AFFIRMATIVE DEFENSE**

6. Bank of America, NA, is barred from recovery against the Whitehursts by its failure to mitigate, minimize or avoid its damages, harm, injuries and losses, if any, or, if it is entitled to such recovery, the recovery must be reduced by an amount attributable to such failure.

**SEVENTH AFFIRMATIVE DEFENSE**

7. At all times relevant hereto and respecting all actions, omissions and properties identified in the Counterclaim, the Whitehursts exercised due care, complied with all statutory and regulatory requirements, complied with the state-of-the-art and industry standards, took all required or appropriate precautions and otherwise conducted themselves reasonably under the circumstances, and therefore cannot be held responsible or liable for the damages, injuries, harm, or losses alleged in the Counterclaim.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The Whitehursts' actions and omissions were not the cause-in-fact of the damages, injuries, harm, or losses alleged in the Counterclaim.

**NINTH AFFIRMATIVE DEFENSE**

9. The Whitehursts' actions and omissions were not the proximate cause of the damages, injuries, harm, or losses alleged in the Counterclaim.

**TENTH AFFIRMATIVE DEFENSE**

10. If the Whitehursts are found liable to Bank of America, NA, the principles of contribution and

equitable indemnification should be applied to determine the relative degree of fault and to apportion liability among all culpable parties so that no one party is called upon to bear more than its equitable share of liability.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The contribution, if any, to the damages, injuries, harm, and losses alleged in the Counterclaim was *de minimus*.

### TWELFTH AFFIRMATIVE DEFENSE

12. Bank of America, NA, failed to exercise due care, which failure actually and proximately caused the damages, injuries, harm, and losses alleged in the Counterclaim and, as a result, Bank of America, NA's recovery, if any, must be reduced by the amount attributable to its negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Bank of America, NA, has not alleged an adequate basis for recovery of attorneys' fees, expert witness fees, or consultant fees, and is not entitled to such recovery, nor is such recovery authorized by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The responses costs, if any, that Bank of America, NA, seeks to recover were not incurred and will not be incurred in a manner consistent with the National Oil and Hazardous Substance Pollution Contingency Plan, 40 C.F.R., Part 300.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The responses costs, if any, that Bank of America, NA, seeks to recover were not necessary.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The damages, injuries, harm, or losses alleged in the Counterclaim were caused or contributed to by some independent, unforeseeable and unavoidable natural cause or act of God.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. If the Whitehursts are found liable to Bank of America, NA, then they are entitled to a set-off or recoupment against Bank of America, NA, reflecting the damages, injuries, harm and losses suffered by them as a result of Bank of America, NA's wrongful actions and omissions as alleged in their First Amended Complaint.



**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. As a result of Bank of America, NA's actions and omissions, the Counterclaim and each claim therein is barred by the doctrine of promissory estoppel.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a result of Bank of America, NA's actions and omissions, the Counterclaim and each claim therein is barred by the doctrine of equitable estoppel.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. As a result of Bank of America, NA's actions and omissions, the Counterclaim and each claim therein has been waived.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. As a result of Bank of America, NA's unreasonable delay, which has prejudiced the Whitehursts, the Counterclaim and each claim therein is barred by the doctrine of laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. As a result of Bank of America, NA's actions and omissions, the Counterclaim and each claim therein is barred by the doctrine of unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. The damages, injuries, harm, or losses alleged in the Counterclaim were caused by breaches of leases committed by tenants of Bank of America, NA, for which Bank of America, NA, is responsible as the landlord for the Property.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. The Counterclaim does not describe the events, acts, omissions, transactions, circumstances, damages, injuries, losses, or harm with sufficient specificity and clarity to enable the Whitehursts to identify all affirmative defenses that exist to the Counterclaim and, on that basis, the Whitehursts reserve their right to assert additional defenses once such specificity and clarity is provided.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. The Counterclaim and all claims therein are barred by the applicable statutes of limitations.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. The Counterclaim and all claims therein are barred by Bank of America, NA's failure to



exhaust its administrative remedies.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. The Counterclaim and all claims therein are barred by Bank of America, NA's failure to provide the required notice before filing its Counterclaim.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Bank of America, NA's claims for equitable relief are barred because it has an adequate remedy at law, has suffered no irreparable injury, and such relief would impose a hardship on the Whitehursts that is greatly disproportionate to that imposed on Bank of America, NA, if such relief were denied.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Any harm resulting from any release that may be attributable to the Whitehursts is divisible from other harm resulting from other releases.

### THIRTIETH AFFIRMATIVE DEFENSE

30. The Counterclaim and all claims therein are barred because of Bank of America, NA's failure to join other parties whose presence is indispensable or necessary to the complete, fair and equitable resolution of the Counterclaim.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. The damages, injuries, losses, and harm alleged in the Counterclaim were not caused by, and was not a foreseeable result of, the Whitehursts's actions and omissions.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. The Counterclaim and all claims therein are barred by the doctrine of *in pari delicto.*

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. The Counterclaim and all claims therein are barred by the fact that Bank of America, NA, assumed the risk of the damages, injuries, losses and harm allege din its Counterclaim.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. The Counterclaim and all claims therein are barred by the fact that the Whitehursts did not own the Property when the alleged releases occurred and the contamination came to be located on the Property.



## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. The Whitehursts do not have sufficient information or knowledge from which to ascertain whether or not additional (as yet unstated) affirmative defenses to the Counterclaim exist and, on that basis, they reserve their right to assert additional defenses should further investigation and discovery indicate that such defenses would be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, the Whitehursts request that judgment on Bank of America, NA's Counterclaim be entered as follows:

1. That Bank of America, NA, take nothing as against the Whitehursts;
2. That judgment be entered in favor of the Whitehursts;
3. That the Whitehursts be awarded their costs of litigation, including attorneys' fees and expert witness fees, and all costs of suit herein, pursuant to 42 U.S.C. § 6972(e), California Code of Civil Procedure §§ 1021.5 and 1021.6, and written contract; and
4. That the Whitehursts be awarded such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

The Whitehursts hereby demand trial by jury of any and all issues so triable in Bank of America, NA's Counterclaim Against Plaintiffs.

DATED: January 26, 2010     PALADIN LAW GROUP® LLP

/s/ Brian R. Paget
———————————————

Brian R. Paget
Counsel for Plaintiffs
Richard G. Whitehurst
and Lorraine D. Whitehurst