1  Todd O. Maiden (SBN 123524)
   Email:  tmaiden@reedsmith.com
2  Phillip Babich (SBN 269577)
   Email:  pbabich@reedsmith.com
3  REED SMITH LLP
   101 Second Street, Suite 1800
4  San Francisco, CA  94105
   Telephone:     +1 415 543 8700
5  Facsimile:     +1 415 391 8269

6  Attorneys for Defendant/Crossclaimant
   Bank of America, National Association

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11 RICHARD G. WHITEHURST and LORRAINE          No.: C 09-04808 MEJ
   D. WHITEHURST, as individuals and as trustees
12 of the Whitehurst Family Trust,              **STIPULATION AND [PROPOSED]
                                                ORDER SETTING CASE MANAGEMENT
13                 Plaintiffs,                   HEARING AND REVISED CASE
                                                MANAGEMENT ORDER**
14        vs.

15 BANK OF AMERICA, NATIONAL
   ASSOCIATION, a national banking corporation;
16 CHARLOTTE A. HEINL, as an individual dba
   Norge Cleaners; and DOES 1 through 100,
17
                   Defendants.
18
   BANK OF AMERICA, NATIONAL
19 ASSOCIATION, a national banking corporation,

20                 Counterclaimant,

21        vs.

22 RICHARD G. WHITEHURST and LORRAINE
   D. WHITEHURST, as individuals and as trustees
23 of the Whitehurst Family Trust; and ROES 1
   through 100,
24
                   Counterdefendants.
25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

BANK OF AMERICA, NATIONAL
ASSOCIATION, a national banking corporation,

Crossclaimant,

vs.

CHARLOTTE A. HEINL; and ZOES 1 through
100,

Crossdefendants.

Based on recent developments involving the investigation of Plaintiffs' property and in anticipation of additional subsurface sampling work occurring both on Plaintiffs' property as well as off-site on property not controlled by any Party in this action (where there has been difficulties obtaining access and which the Regional Water Quality Control Board is in the process of assisting to gain access to the property), Plaintiffs Richard G. Whitehurst and Lorraine D. Whitehurst, as individuals and as trustees of the Whitehurst Family Trust, and Defendants Bank of America, National Association and Charlotte A. Heinl, as and individual and doing business as Norge Cleaners, stipulate to amending the Court's February 5, 2010 ORDER VACATING CMC CASE MANAGEMENT ORDER (attached as Exhibit A) as follows (subject to the Court's approval of same at the Case Management Hearing to be set for May 10, 2012 at 10:00 a.m.):

| Event | Existing Deadline | Proposed Deadline |
|---|---|---|
| Disclosure of Expert Witnesses | 07/06/2012 | 09/06/2012 |
| Rebuttal Expert Witnesses | 07/16/2012 | 09/17/2012 |
| Limitation on Testimony by Expert Witnesses | | |
| Close of Discovery | 07/31/2012 | 10/01/2012 |
| Dispositive Motions | 10/04/2012 | 11/01/2012 |
| Lead counsel to meet and confer re the joint | 12/05/201 | 02/05/20 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| pretrial conference statement | 2 | 13 |
| File papers (per FRCP 26(a)(3) and joint pretrial conference statement | 12/20/2012 | 02/20/2013 |
| Motions *in limine* – filed | 12/20/2012 | 02/20/2013 |
| Motions *in limine* – oppositions | 12/27/2012 | 02/27/2013 |
| Trial Briefs | 01/04/2013 | 03/04/2013 |
| Joint Proposed *Voir Dire* | 01/04/2012 | 03/04/2013 |
| Disputed *Voir Dire* Questions | 01/04/2013 | 03/04/2013 |
| Joint set of additional proposed jury instructions | 01/04/2013 | 03/04/2103 |
| Proposed Verdict forms | 01/04/2013 | 03/04/2013 |
| Pretrial Conference | 01/03/2013 at 10:00 | 03/07/2013 at 10:00 |
| Final Pretrial Conference | 01/31/2013 at 10:00 | 03/28/2013 at 10:00 |
| Trial Date | 02/04/2013 | 04/08/2013 |

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court set a Case Management hearing for May 10, 2012 at 10:00 a.m. to discuss the status of this case with the Court.

WHEREFORE, Plaintiffs and Defendants and respectfully request that this Court amend the existing Case Management Order to incorporate the dates proposed above and other modifications related to mediations as proposed in the attached proposed Case Management Order.

Dated:  April ____, 2012.                    PALADIN LAW GROUP


By:   _____
      John R.Till

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Bret A. Stone
Brian R. Paget
Attorneys for Plaintiffs/Counter Defendants
Richard and Lorraine Whitehurst

Dated:  April _____, 2012.                    WOOD, SMITH, HENNING, BERMAN LLP


By:   _____
      David F. Wood
      Jon-Erik W. Magnus
      Attorneys for Plaintiffs/Counter Defendants
      Richard and Lorraine Whitehurst


Dated:  April _____, 2012.                    REED SMITH LLP


By:   _____
      Todd O. Maiden
      Attorneys for Defendant/Crossclaimant
      Bank of America, National Association


   **IT IS HEREBY ORDERED** t~~hat this case be set for a further case management order on~~

~~May 10, 2012 at 10:00 a.m.~~

   ~~It is further ordered~~ that the Court amends the existing Case Management Order to

incorporate the dates proposed above and adopts the proposed Case Management Order attached

hereto.

   DATED:  _May 2, 2012_____

      _____
      Hon. Maria-Elena James
      United States Chief Magistrate

US_ACTIVE-109040724

1
2
3
4

## UNITED STATES DISTRICT COURT

5

### Northern District of California

6
7   RICHARD G. WHITEHURST                    No. C 09-04808 MEJ

8                               Plaintiff(s),    **CASE MANAGEMENT ORDER**

9                       *v.*

10  BANK OF AMERICA,

11                              Defendant(s).

12

13      Pursuant to Federal Rule of Civil Procedure 16, the Court hereby VACATES the February 11,

14  2010 Case Management Conference and ORDERS as follows:

15  A.      <u>ADR Program</u>:

16          The Court hereby refer this matter to private mediation with the following dates:

17          6/18/2102:      Start of Mediation

18          7/20/2012:      Complete Mediation.

19  These mediation dates, set forth above, are based on the anticipated dates of an environmental report

20  which is to be completed on or about May 7, 2012.  Once this report is completed, the parties anticipate

21  receiving a fixed cost clean-up quote.  The parties believe that with this information in hand that

22  mediation can begin by June 18, 2012 and be completed by July 20, 2012.

23

24  B.      <u>Jury Trial</u>:

25          The Court shall conduct a jury trial in this matter.

26

27  C.      <u>Pretrial Motions</u>:

28          All pretrial motions shall be filed in accordance with Civil Local Rule 7. A motion may be



noticed pursuant to Civil Local Rule 7-2 without calling the Court. Civil law and motion is heard on

Thursday mornings at 10:00 a.m.

D.    <u>Discovery</u>:

The parties shall abide by Magistrate Judge James' Standing Order Regarding Discovery and

Dispute Procedures.

E.    <u>Disclosure of Expert Witnesses</u>:

1.    Any party wishing to present expert witness testimony with respect to a claim or defense shall

serve on all other parties the name, address, qualifications, resume, and a written report which

complies with Federal Rule of Civil Procedure 26(a)(2)(B) by 9/6/2012.

2.    This disclosure must be made with respect to a person who is either: (a) specifically retained

or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702;

or (b) a regular employee or agent or treating physician who may be called to provide expert

opinion testimony.

3.    <u>A party or counsel has a continuing duty to supplement the disclosure of expert witnesses when</u>

<u>required under Federal Rule of Civil Procedure 26(e)(1).</u>

F.    <u>Rebuttal Expert Witnesses</u>:

If the testimony of an expert is intended solely to contradict or rebut opinion testimony on the

same subject matter identified by another party, the party proffering a rebuttal expert shall disclosure

the information required under Federal Rule of Civil Procedure 26(a)(2)(B) by 9/17/2012.

G.    <u>Limitation on Testimony by Expert Witnesses</u>:

1.    Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert

witness shall be precluded from testifying about any actions or opinions not disclosed prior to

the expert's deposition. This is to ensure that all factual material upon which expert opinion

may be based is disclosed, and all tests and reports are completed, prior to the expert



1    deposition.

2

3    2.    Unless application is made prior to the close of expert discovery, each party is limited to calling

4          only one expert witness in each discipline involved in the case.

5    3.    Any party objecting to the admissibility of the testimony of a person disclosed as an expert

6          witness must file a written motion in limine to exclude the testimony by the deadline set forth

7          below.

8

9    H.   Close of Discovery:

10   1.    All discovery, including depositions of expert witnesses, must be completed by 10/1/2012.

11   2.    Pursuant to Federal Rule of Civil Procedure 16(b) and Civil Local Rule 26-2, a discovery

12         request or stipulation that calls for responses or depositions after the discovery cut-off date is

13         not enforceable except by order of the Court and upon a showing of good cause.

14   3.    Pursuant to Civil Local Rule 26-2, no motions to compel discovery (including joint letters and

15         requests for telephonic conferences under Magistrate Judge James' discovery standing order)

16         may be filed later than 10 days after the discovery cut-off date.

17

18   I.    Dispositive Motions:

19   1.    Pursuant to Civil Local Rule 7-2, all dispositive motions shall be filed, served, and noticed by

20         8/30/2012. **The parties shall file a joint statement of undisputed facts pursuant to Civil**

21         **Local Rule 56-2(b) when filing a motion for summary judgment**.

22   2.    The Court shall hear dispositive motions on or before 11/1/2012 at 10:00 a.m. in Courtroom B,

23         15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco,

24         California.

25

26   J.    Exchange and filing of Trial Papers:

27   1.    By 2/5/2013 lead counsel who will try the case shall meet and confer with respect to the

28         preparation and content of the joint pretrial conference statement and shall exchange (but not



file or lodge) the papers described in paragraph 2 below.

2.    By 2/20/2013, counsel shall file the papers described in Federal Rule of Civil Procedure 26(a)(3) and a joint pretrial conference statement including the following:

(A)    Substance of the Action: A brief description of the substance of claims and defenses which remain to be decided.

(B)    Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.

(C)    Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(D)    Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.

(E)    Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(F)    Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

(G)    Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-length detailed summary of the substance of the proposed testimony of each witness, which shall also specify to which disputed fact the testimony relates, and an estimate of the time required for direct and cross examination of each witness.

(H)    Exhibit list: A list of all exhibits to be offered at trial. The list shall state each proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All documents shall be authenticated prior to trial.

(I)    No party shall be permitted to offer any witness or exhibit that is not disclosed in its witness or exhibit list, except with leave of the Court for good cause shown.

(J)    Estimated Time of Trial: An estimate of the number of hours needed for the



presentation of each party's case.

(K)     Settlement: A statement summarizing the status of the parties' settlement negotiations.

3.     Motions in limine: <u>Counsel are directed to meet and confer to resolve any evidentiary disputes prior to filing motions in limine</u>.

(A)     Any motions in limine shall be filed by 2/20/2013.

(B)     Any Opposition to motions in limine shall be filed by 2/27/2013.

(C)     These matters will be deemed submitted on the papers without oral argument, unless the Court orders otherwise.

4.     Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth Circuit authority, for all significant disputed issues of law, including foreseeable procedural and evidentiary issues, by 3/4/2013.

5.     Joint Proposed Voir Dire: Counsel shall file a **joint** set of requested voir dire to be posed by the Court by 3/4/2013. Any voir dire questions on which counsel cannot agree shall also be filed separately by 3/4/2013. Counsel will be allowed brief follow-up voir dire after the Court's questioning.

6.     Joint Proposed Jury Instructions:

(A)     Counsel shall file a **joint** set of additional proposed jury instructions by 3/4/2013. Jury instructions from the Manual of Model Civil Jury Instructions for the Ninth Circuit should be used whenever possible. The instructions shall be ordered in a logical sequence, together with a table of contents.

(B)     Any instruction on which counsel cannot agree shall be marked as "disputed" and included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on a separate page directly following the disputed instruction.

(C)     The Court prefers that all jury instructions conform to the Manual of Model Civil Jury

Instructions for the Ninth Circuit.

    (D)    Counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a portable storage medium (such as a USB thumb drive) in WordPerfect format. The label shall include the name of the parties, the case number and be entitled "Proposed Jury Instructions."

    (E)    At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed jury instructions and will then render its rulings.

7.    Proposed Verdict Forms, Joint or Separate: Counsel shall file any joint proposed verdict forms, as well as any separate verdict forms, by 3/4/2013. Counsel shall deliver to the Courtroom Deputy a copy of their joint proposed verdict forms on a portable storage medium in WordPerfect. The label shall include the name of the parties, the case number, and be entitled "Proposed Verdict Forms."

K.    Pretrial Conference:

    On 3/7/2013 at 10:00 a.m., the Court shall hold a pretrial conference in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Lead counsel who will try the case must attend the pretrial conference. The purpose of the pretrial conference is for the Court to rule on any issues raised in the pretrial conference statement, motions in limine, and to discuss the trial of the case.

L.    Final Pretrial Conference:

    3/28/2013 at 10:00 a.m. in Courtroom B, the Court shall hold a final pretrial conference to address any outstanding trial issues.

M.    Trial Date:

1.    The trial (including jury selection) shall commence on 4/8//2013 (Trial schedule: Monday through Thursday, at 1:30 p.m. to 5:00 p.m.). The trial shall last eight days.

2.    For any documents, including the deposition of a witness testifying at trial, which will be shown to a witness but not admitted into evidence, counsel shall bring the original plus three copies



of the documents. The original document will be handed to the Court during testimony and the copies will be given to the witness during the examination and to opposing counsel.

3.   (A)   Counsel shall maintain their own exhibits during trial. Exhibits are to be premarked with exhibit tags attached to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit.  The Court will only admit premarked exhibits which were listed on the earlier filed exhibit list.

(B)   Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically. The exhibit markers shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's initials.

4.   On the day of trial, counsel shall bring the original premarked exhibits, a copy of the premarked exhibits for opposing counsel, and two binders which contain a copy of each side's premarked exhibits for the Court. The premarked exhibit binders are to be designated with label dividers and given to the Courtroom Deputy on the morning of the trial.

N.   <u>Jury Selection</u>:

1.   The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

2.   Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

3.   The Court will then take cause challenges and discuss hardship claims from the individual jurors at side bar. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Each attorney may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the clerk.

4.   From the list of jurors in numerical order, the Court will strike the persons with meritorious

hardships, those excused for cause, and those challenged peremptorily. The Court will then call the first eight people in numerical sequence remaining. These people will be the jury.  All jurors remaining at the close of the case will deliberate. There are no alternates (unless there is a lengthy trial).

O.     Sanctions:

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

P.     Transcripts and Recording Devices:

1.     Counsel requesting a daily transcript shall contact Debra Campbell, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.

2.     If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least ten days in advance of the trial date for the items to clear security.

Q.     Questions:

All questions regarding these instructions should be directed to Rose Maher, Courtroom Deputy Clerk to Judge James, at (415) 522-4708.

**IT IS SO ORDERED.**

Dated: May __, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

