1  Todd O. Maiden (SBN 123524)
   Email:  tmaiden@reedsmith.com
2  Phillip H. Babich (SBN 269577)
   Email:  pbabich@reedsmith.com
3  REED SMITH LLP
   101 Second Street, Suite 1800
4  San Francisco, CA  94105
   Telephone:     +1 415 543 8700
5  Facsimile:      +1 415 391 8269

6  Attorneys for Defendant,
   Counterclaimant, and Crossclaimant
7  BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD G. WHITEHURST and LORRAINE D. WHITEHURST, as individuals and as trustees of the Whitehurst Family Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation; CHARLOTTE A. HEINL, as an individual dba Norge Cleaners; and DOES 1 through 100,<br><br>Defendants. | No.: C 09-04808 MEJ<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER OF DISMISSAL**<br><br>**FRCP 41(a)(2)**<br><br>Compl. Filed:     October 8, 2009<br>FAC Filed:         December 11, 2009 |
| BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>RICHARD G. WHITEHURST and LORRAINE D. WHITEHURST, as individuals and as trustees of the Whitehurst Family Trust; and ROES 1 through 100,<br><br>Counterdefendants. | |

C09-04808 MEJ                              - 1 -
STIPULATION OF DISMISSAL WITH PREJUDICE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking corporation,

      Crossclaimant,

vs.

CHARLOTTE A. HEINL; and ZOES 1 through 100,

      Crossdefendants.

 

Richard G. Whitehurst and Lorraine D. Whitehurst, as individuals and as trustees of the Whitehurst Family Trust (collectively "Whitehurst"); defendant Bank of America, National Association, a national banking association (the "Bank"); and Charlotte A. Heinl, deceased, an individual and dba Norge Cleaners by and through her insurance company the Chicago Insurance Company, one of the Fireman's Fund Insurance Companies, ("Fireman's Fund" or "Heinl" and together with Whitehurst and the Bank as "Parties") have settled this action.  (*See* Order Granting Motion for Determination of Good Faith Settlement (April 14, 2015) [Dkt. No. 54].)  A true and correct copy of the Settlement Agreement and the First Amendment to the Settlement Agreement (together the "Settlement Agreement"), which the parties agree are both enforceable, are attached to this stipulation as Exhibits A and B, respectively.

The Parties **HEREBY STIPULATE** through their designated counsel that the entire above-captioned action be and hereby is dismissed with prejudice pursuant to FRCP 41(a)(2) and the Settlement Agreement.  The Parties request that the Court retain jurisdiction to enforce the terms and conditions of the Settlement Agreement and, therefore, respectfully request that the Court incorporate the Settlement Agreement in its Order of Dismissal.  "Parties who wish to retain the court's jurisdiction to enforce their settlement agreement may do so . . . *by incorporating the terms of the settlement agreement in the order of dismissal.  In [that] event, breach of the settlement agreement violates the court's order, thereby creating ancillary jurisdiction* to enforce the agreement."  *See* Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, Ch. 15-C, § 15:141.1 (The Rutter Group 2011) (emphasis in original) (*citing Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

375, 381 (1994), *Hagestad v. Tragesser,* 49 F.3d 1430, 1432 (9th Cir. 1995), *and Hill v. Baxter Healthcare Corp.,* 405 F.3d 572, 576-577 (7th Cir. 2005)). "[T]he court clearly has ancillary jurisdiction to enforce its own orders and decrees. . . . Therefore, to the extent the settlement is embodied in the judgment, the court can enforce it by execution and by contempt proceedings in appropriate cases." *Id.,* § 15:141.18 (*citing TNT Marketing, Inc. v. Agresti,* 796 F.2d 276, 278 (9th Cir. 1986)).

By signing below, counsel certify that they have the authority to bind, and are binding, the party or parties that they are signing on behalf of.

| **Paladin Law Group® LLP** | **Reed Smith LLP** |
|---|---|
| By: /s/ John R. Till | By: /s/ Todd O. Maiden |
| John R. Till | Todd O. Maiden |
| Attorney for Whitehurst | Attorney for Bank of America, NA |
| Date: April 24, 2015 | Date: April 24, 2015 |

**Wood, Smith, Henning & Berman LLP**

By: /s/ David F. Wood
David F. Wood
Attorney for Heinl
Date: April 24, 2015

## ~~[PROPOSED]~~ ORDER OF DISMISSAL

The Court orders that this action shall be and hereby is dismissed with prejudice and with mutual waivers of costs pursuant to Federal Rule of Civil Procedure 41(a)(2) and the Court retains jurisdiction to enforce the parties' Settlement Agreement, *see* Exhibits A and B, which the Court incorporates herein.

**IT IS SO ORDERED**.

DATED: April 27, 2015

_____
Maria-Elena James
United States Magistrate Judge